

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2006

# USA v. Ransom

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4009

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Ransom" (2006). *2006 Decisions.* Paper 184.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/184

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4009

UNITED STATES OF AMERICA

v.

ANTHONY WAYNE RANSOM,
                                                 Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 04-cr-00215
(Honorable R. Barclay Surrick)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 6, 2006
Before: SCIRICA, *Chief Judge*, BARRY and ALDISERT, *Circuit Judges*

(Filed: November 17, 2006 )

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Defendant Anthony Ransom appeals his criminal sentence. Because we find

Ransom waived his right to appeal, we will dismiss the appeal for lack of jurisdiction and

affirm the judgment of sentence.

## I.

On April 22, 2004, Ransom pled guilty to an Information charging him with one count of bank robbery. In his guilty plea, Ransom "voluntarily and expressly waive[d] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to [his] prosecution." The guilty plea contained three exceptions to Ransom's waiver of appellate rights. Ransom could appeal if the government appealed his sentence. Alternatively, Ransom could appeal if his sentence exceeded the statutory maximum or if the district court erroneously departed upward from the applicable sentencing guideline range. The District Court sentenced Ransom to ninety-two months' imprisonment, at the bottom of the calculated guideline range.

Ransom filed an appeal contending he is entitled to resentencing under *United States v. Booker*, 543 U.S. 220 (2005), because the District Court treated the sentencing guidelines as mandatory. While conceding that Ransom would normally be entitled to a new sentencing hearing, the government argued Ransom waived his right to appeal.

## II.

"[W]aivers of appeals, if entered into knowingly and voluntarily, are valid." *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001). Ransom does not argue his waiver of appellate rights was invalid. Indeed, he knowingly and voluntarily entered into his plea agreement. The District Court confirmed Ransom knowingly and voluntarily entered into his plea agreement by asking Ransom at his guilty plea hearing whether he

2

understood he was limiting his appellate rights significantly. Ransom responded affirmatively.

An error by a court amounting to a "miscarriage of justice may invalidate the waiver." *Id.* But, in *United States v. Lockett,* 406 F.3d 207, 213 (3d Cir. 2005), we found "[t]he waiver of an appeal will not be invalidated merely because unanticipated events occur in the future." Indeed, in *Lockett* we declined to vacate a sentence where the defendant did not know at the time he pled guilty that the sentencing guidelines would later be found to be advisory in *Booker. Id.* Like the defendant in *Lockett*, Ransom pled guilty before the Supreme Court held the sentencing guidelines advisory. Accordingly, Ransom's waiver does not amount to a miscarriage of justice.

### III.

We will dismiss the appeal for lack of jurisdiction and affirm the judgment of sentence.